

**PRYOR CASHMAN LLP**    New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                           pryorcashman.com

**William L. Charron**
Partner

Direct Tel: 212-326-0156
Direct Fax: 212-798-6927
WCharron@pryorcashman.com

November 24, 2025

> The request to adjourn is **DENIED.**  SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> November 25, 2025

**VIA ECF**

The Hon. Jennifer E. Willis (U.S.M.J.)
United States District Court, S.D.N.Y.
40 Foley Square, Courtroom 228
New York, New York  10007

Re:    *Silver v. Basil and Elise Goulandris Found.*, No. 25 Civ. 8914 (VSB) (JW)

Dear Judge Willis:

We represent defendants Basil and Elise Goulandris Foundation and Peter John Goulandris (together, the "Goulandris Defendants") in the above-referenced action.  We respectfully submit this letter to request that the Initial Case Management Conference currently scheduled for December 9, 2025 at 2pm be adjourned in view of an anticipated motion to dismiss all claims that the Goulandris Defendants plan to file by December 23, 2025, in accordance with the So-Ordered Stipulation entered November 17, 2025.  (ECF No. 19.)

Counsel for co-defendant The Metropolitan Museum of Art ("Met") consents to this request, and we understand that the Met intends to file its own motion to dismiss all claims as well.

Plaintiff's counsel does not consent to this request, stating in an email to us earlier today:

> We think it makes most sense to move forward with the meet and confer on one of the dates we proposed and begin preparing the Case Management Plan/Rule 26(f) Report. We think we should try to accomplish as much as we can while the motions are pending. In retrospect, in lieu of a letter, we can each suggest what we prefer to do regarding discovery in the Case Management Plan/Rule 26(f) Report or at the Initial CMC, and the Magistrate Judge can decide.

We strongly disagree with Plaintiff's position.  For one thing, the Court should be aware that these same claims against the Goulandris Defendants – who are foreign citizens (the Goulandris Foundation is based in Greece, and Mr. Goulandris is a citizen and resident of the Bahamas) – were previously dismissed, twice, by a federal court in California for lack of personal

 **PRYOR CASHMAN LLP**

The Honorable Jennifer E. Willis
November 24, 2025
Page 2

jurisdiction. *Silver v. Basil and Elise Goulandris Found.*, Case No. 22-cv-08914-RFL, 2024 WL 4049223 (N.D. Cal. Sept. 5, 2024).

The same grounds for dismissal apply here. There are a number of alternative grounds for dismissal that both Defendants intend to raise as well (which the California court did not address, but also apply with equal force here) concerning, *inter alia*, the untimeliness of this lawsuit and additional reasons that Plaintiff fails to state viable claims.

The Court should also be aware that the anticipated motions to dismiss will not be fully submitted until March 2026 *at Plaintiff's insistence*. Indeed, even though the Goulandris Defendants voluntarily agreed not to use the full 90 days to respond to the Complaint to which they were entitled for having agreed to waive service of process (the Goulandris Defendants agreed to file their anticipated motion to dismiss within six weeks of having acknowledged service), Plaintiff insisted on having over 60 days thereafter to respond (having initially asked for 75 days).

It is unreasonable for Plaintiff to urge the commencement of discovery having inflated the motion to dismiss briefing schedule to accommodate herself.

The Court should additionally be aware that the California federal court stayed discovery in view of the defendants' motions to dismiss in that action – which, again, will be substantially similar to the motions to dismiss anticipated in this action. (CA ECF Nos. 25, 52.) (Plaintiff had initially agreed to stay discovery in that action, but later attempted to commence discovery, which the district court stayed.)

We respectfully submit that our clients should not have to engage in burdensome discovery while their well-founded motions are pending.

The Court previously granted an adjournment of the Conference (from December 4 to December 9) upon the request of the Met. (ECF No. 22.)

We thank the Court for its consideration.

Respectfully submitted,

William L. Charron

cc:    All counsel of record (via ECF)